## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE MANITOWOC COMPANY, INC.,

    Plaintiff,

v.                                                          Case No.:

CHRISTOPHER BRISCH,

    Defendant.
_____/

### VERIFIED COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF

Plaintiff, The Manitowoc Company, Inc. ("Manitowoc" or "the Company"), by and through its undersigned counsel, states the following for its Verified Complaint for Monetary and Injunctive Relief against Defendant Christopher Brisch ("Brisch" or "Defendant"):

### INTRODUCTION

1. Manitowoc seeks injunctive, monetary, and other relief from this Court stemming from Brisch's breaches of the non-disclosure prohibitions contained in the Non-Disclosure/Confidentiality Agreement ("the Agreement") into which he entered with Manitowoc. As a signatory to the Agreement, Brisch was and is contractually bound to refrain from disclosing to a third party or using for his personal benefit, directly or indirectly, Manitowoc's confidential information. As set forth with more particularity below, Brisch's contractual breaches have contributed to Manitowoc losing valuable confidential information, which was disclosed to one or more third parties and/or used for Brisch's own benefit and/or his new employer's benefit, to the detriment of Manitowoc. Brisch's contractual breaches have also deprived Manitowoc of the benefit of its bargain as contained

in the Agreement, despite the Company having fulfilled all its obligations under the Agreement and/or having provided all requisite consideration to Brisch, which resulted in financial and non-monetary losses to Manitowoc.

2. Manitowoc also seeks injunctive, monetary, and other relief from this Court stemming from Brisch's violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*, which protects subject matter and/or information that, by virtue of not being readily known by another, has economic value to an individual or company, by prohibiting the disclosure and/or misappropriation of any such trade secret(s). As set forth with more particularity below, Brisch's violation of the Florida Uniform Trade Secrets Act has contributed to Manitowoc losing valuable trade secrets based on Brisch's misappropriation of same, again to the detriment of Manitowoc, and thus incurring both financial and non-monetary harm.

3. Finally, Manitowoc seeks injunctive, monetary, and other relief from this Court stemming from Brisch's breach of his fiduciary duty of loyalty, good faith, and fair dealing to Manitowoc. As set forth with more particularity below, Brisch's breach of his fiduciary duty to Manitowoc has contributed to Manitowoc incurring financial and non-monetary harm stemming from Brisch's willful failure to devote his full time and efforts to Manitowoc while still employed by the Company, instead planning his departure from Manitowoc to join a new employer, and corresponding intent to take Manitowoc confidential information with him, and Brisch's taking, disclosure to one or more third parties, and use for his and his new employer's benefit certain privileged and/or confidential information and documents of Manitowoc's, both prior to and after his departure from Manitowoc.

4. Manitowoc brings this action to recover damages it has already suffered as a result of Brisch's wrongful conduct, as well as to obtain injunctive relief to prevent him from causing further injury. Manitowoc also is concurrently herewith seeking a temporary restraining order and preliminary injunction against Brisch, to immediately cease and prevent any and all further disclosure and/or use by Brisch of Manitowoc's confidential information and/or documents, and any and all further misappropriation by Brisch of Manitowoc's trade secrets.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff, The Manitowoc Company, Inc., was and is a Wisconsin corporation, having its headquarters and principal place of business in Manitowoc County, Wisconsin, at 2400 South 44th Street, Manitowoc, Wisconsin 54221.

6. Manitowoc is comprised of numerous divisions, including Manitowoc FSG Operations, LLC ("FSG"). FSG is comprised of the world's leading brands in food equipment, and manufactures, sells, supports, and services food equipment around the world.

7. Defendant, Christopher Brisch, is an adult male resident of the State of Florida who, upon information and belief, resides in Pasco County, Florida, at 8403 Creedmoor Lane, New Port Richey, Florida 34654.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, as set forth in Paragraph Nos. 5 and 7, *supra*.

9.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1), because Brisch, upon information and belief, resides in Pasco County, Florida, which is located in the Middle District of Florida, as set forth in Paragraph No. 7, *supra*.

## FACTS

### BASIC EMPLOYMENT HISTORY

10.    Brisch began his employment with Manitowoc on or around May 30, 2003.

11.    On or around October 17, 2014, Brisch voluntarily severed his employment with Manitowoc to take a position with Fischbein LLC ("Fischbein") and/or Duravant.

12.    At the time his employment with Manitowoc ended on October 17, 2014, Brisch held the position of Director of Finance II for FSG.

13.    Upon information and belief, Fischbein has its headquarters in North Carolina and Duravant has its headquarters in Illinois, but Brisch works in Pasco County, Florida, and in Illinois.

### THE AGREEMENT

14.    On or about April 28, 2014, Brisch was promoted to the position of Director of Finance II for FSG.

15.    On or about April 28, 2014, in the City of New Port Richey, located in Pasco County, Florida, Brisch and Manitowoc entered into a written Non-Disclosure/Confidentiality Agreement as a prerequisite to Brisch's promotion. A true and correct copy of the aforementioned Agreement into which Brisch and Manitowoc entered is attached hereto as Exhibit A.

4

16. Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement contains certain restrictions regarding non-disclosure of confidential information by which Brisch agreed to be bound, in exchange for the consideration he received from Manitowoc through the Company promoting him to the position of Director of Finance II.

17. Under Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, Brisch agreed that:

> Employee agrees that a duty to protect the Company's confidential information is imposed upon Employee by law.... In addition, and without limiting the duties imposed by law, Employee agrees, for his/her period of employment with the Company and for the two (2) years following Employee's termination of employment, not to disclose to a third party or use for his/her personal benefit, directly or indirectly, any confidential information of the Company, except as required by law or with the express written consent of the Company.

18. Under Paragraph No. 1, "confidential information" is defined as including, but not limited to, the following:

> [T]rade secrets, design documents, copyright material, inventions, technology, processes, marketing data, business strategies, financial information and records, product information (including, without limitation, any product designs, specifications, capabilities, drawings, diagrams, blueprints, models and similar items), customer and prospective customer lists, supplier and vendor lists, product pricing formulas, software and similar information, in any form (whether oral, electronic, written, graphic or other printed form or obtained from access to or observation of the Company's facilities or operations), which is not generally known by or readily available to the public at the time of disclosure.

19. Under Paragraph No. 8 of the Non-Disclosure/Confidentiality Agreement, Brisch agreed:

> Employee acknowledges that an irreparable injury will result to the Company and its business in the event of a breach of any of the covenants or obligations of Employee contained in this Agreement. Employee also acknowledges and agrees that the damages or injuries which the Company may sustain as a result of such a breach are difficult to ascertain and money damages alone would not be an adequate remedy to the Company. Employee therefore agrees that if a controversy arises concerning the rights or obligations of a party under this Agreement or Employee breaches any of the covenants or obligations contained in this Agreement, the Company shall be entitled to any injunctive, or other relief necessary to enforce, prevent or restrain any violation of the provisions of this Agreement (without posting a bond or other security). Such relief, however, shall be cumulative and non-exclusive and shall be in addition to any other right or remedy to which the Company may be entitled. Employee also agrees that any breach by Employee of Employee's obligations enumerated in this Agreement shall entitle the Company to reimbursement for any and all attorneys fees incurred in enforcing this Agreement or taking action against Employee for breach of this Agreement.

20. Paragraph No. 14 of the Agreement also contains the following choice of law clause: "The parties agree that the construction and interpretation of this Agreement shall be governed by the laws of the State of Wisconsin."

**BRISCH'S IMPROPER CONDUCT AND CONTRACTUAL BREACHES**

21. Despite Manitowoc's fulfillment of all its obligations under the Agreement and/or Brisch's receipt of all the benefits and consideration associated with his promotion by Manitowoc in exchange for signing the Non-Disclosure/Confidentiality Agreement, Brisch took affirmative steps during his employment and following his separation from employment with Manitowoc to violate Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, misappropriate Manitowoc's trade secrets, and breach his fiduciary duty to Manitowoc.

22. Prior to leaving Manitowoc, and continuing through the present date, Brisch has disclosed to one or more third parties and/or used for his own, Duravant's, and/or Fischbein's benefit, directly or indirectly, confidential information of Manitowoc, as that phrase is defined in Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, in violation of his contractual obligations to Manitowoc.

23. Prior to leaving Manitowoc, and continuing through the present date, Brisch has disclosed to third parties, including but not limited to Craig Reuther ("Reuther"), Fischbein, and/or Duravant, and/or used for his own, Duravant's, and/or Fischbein's benefit certain internal and confidential Manitowoc documents regarding Manitowoc's confidential processes, policies, business strategies, business structure and design, and business operations, to Manitowoc's detriment. Such documents include, but are not limited to, the following: (1) Manitowoc Global Accounting Manual; (2) Manitowoc Foodservice Consolidated Authorization Policy; (3) Manitowoc RACI Decision Matrix; (4) Manitowoc Foodservice Decision Rights Modification Guide; (5) Manitowoc Americas Decision Rights Guide; and (6) Manitowoc University/KOF Training Decision Rights Detail.

24. Upon information and belief, Brisch's disclosure and/or use of Manitowoc's confidential information, in violation of Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, is ongoing.

25. Prior to leaving Manitowoc, and continuing through the present date, Brisch has also misappropriated trade secrets of Manitowoc, as that phrase is defined in Section 688.002(b) of the Florida Statutes, in violation of his statutory obligations under the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*

26. To Manitowoc's detriment, Brisch has knowingly misappropriated certain of Manitowoc's trade secrets, including internal Manitowoc documents regarding the Company's confidential and internal formulas, patterns, programs, methods, techniques, and processes, all of which derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use. Such trade secrets include, but are not limited to, the following: (1) Manitowoc Global Accounting Manual; (2) Manitowoc Foodservice Consolidated Authorization Policy; (3) Manitowoc RACI Decision Matrix; (4) Manitowoc Foodservice Decision Rights Modification Guide; (5) Manitowoc Americas Decision Rights Guide; and (6) Manitowoc University/KOF Training Decision Rights Detail.

27. Upon information and belief, Brisch's misappropriation of Manitowoc's trade secrets, in violation of Fla. Stat. § 688.001 *et seq.*, is ongoing.

28. Prior to leaving Manitowoc, Brisch also breached his fiduciary duty of loyalty, good faith, and fair dealing that he owed to Manitowoc as a key employee and officer.

29. To Manitowoc's detriment and inconvenience, while still employed with Manitowoc, Brisch willfully failed to devote his full time and efforts to Manitowoc, instead planning his departure to join Fischbein and/or Duravant and corresponding intent to take confidential information and/or trade secrets with him when he left; he also took, disclosed to third parties, including but not limited to Reuther, Fischbein, and/or Duravant, and used for

his, Fischbein's, and/or Duravant's benefit certain internal and privileged documents and/or information of Manitowoc's.

30. Upon information and belief, Brisch's breach of his fiduciary duty is ongoing, insofar as he is still utilizing the confidential information and/or trade secrets he took from Manitowoc.

## COUNT I

### BREACH OF CONTRACT – NON-DISCLOSURE/CONFIDENTIALITY AGREEMENT

31. Manitowoc realleges and incorporates by reference the allegations set forth in Paragraph Nos. 1 through 30, *supra*.

32. Manitowoc and Brisch entered into the Non-Disclosure/Confidentiality Agreement on or around April 28, 2014, as a prerequisite to Manitowoc's promotion of Brisch.

33. Manitowoc has a legitimate business interest in protecting its trade secrets and/or confidential business or professional information and documents from disclosure to third parties and/or use by any other entities and/or individuals, including current and/or former employees. The Non-Disclosure/Confidentiality Agreement is narrowly tailored and reasonably necessary to protect Manitowoc's legitimate business interest in maintaining and protecting the integrity and non-disclosure of its confidential information. Manitowoc has taken reasonable steps to safeguard its trade secrets and/or confidential information from disclosure to the general public.

34. The Non-Disclosure/Confidentiality Agreement is a valid and enforceable contract between Manitowoc and Brisch, and is supported by ample consideration.

35. Manitowoc fully performed every obligation it owed to Brisch under the Non-Disclosure/Confidentiality Agreement and/or Brisch received all the benefits and consideration associated with his promotion by Manitowoc in exchange for signing the Agreement and agreeing to be bound by the terms contained therein.

36. Brisch failed to fulfill his obligations under the Non-Disclosure/Confidentiality Agreement, in that he has disclosed to third parties, including but not limited to Reuther, Fischbein, and/or Duravant, and/or used for his own, Duravant's, and/or Fischbein's benefit, directly or indirectly, confidential information of Manitowoc, as that phrase is defined in Paragraph No. 1 of the Agreement, including but not limited to certain confidential internal Manitowoc documents regarding Manitowoc's confidential processes, policies, business strategies, business structure and design, and business operations, in violation of his contractual obligations to Manitowoc. Upon information and belief, Brisch's violations of his Non-Disclosure/Confidentiality Agreement are ongoing.

37. Brisch's conduct as described in Paragraph No. 36, *supra*, was conducted in direct violation of Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement.

38. Manitowoc has suffered damages as a result of Brisch's breaches of Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, including but not limited to attorneys' fees and costs pursuant to Paragraph No. 8 of the Agreement.

## COUNT II

**VIOLATION OF FLA. STAT. § 688.001 *et seq*. – MISAPPROPRIATION OF TRADE SECRETS**

39. Manitowoc realleges and incorporates by reference the allegations set forth in Paragraph Nos. 1 through 38, *supra*.

40. Fla. Stat. § 688.01 *et seq.* protects subject matter and/or information that, by virtue of not being readily known by another, has economic value to an individual or company, by prohibiting the disclosure and/or misappropriation of any such trade secret(s).

41. To Manitowoc's detriment, Brisch has knowingly and deliberately misappropriated certain of Manitowoc's trade secrets that he acquired under circumstances giving rise to a duty to maintain its secrecy, including internal Manitowoc documents regarding the Company's confidential and internal formulas, patterns, programs, methods, techniques, and processes, all of which derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value, actual or potential, from their disclosure or use. Upon information and belief, Brisch's misappropriation of Manitowoc's trade secrets is ongoing.

42. Brisch's conduct as described in Paragraph No. 41, *supra*, was conducted in direct violation of Fla. Stat. § 688.001 *et seq.*

43. Manitowoc has suffered damages as a result of Brisch's violations of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*, including but not limited to attorneys' fees pursuant to Fla. Stat. § 688.005.

44. Brisch's conduct and misappropriation as described in Paragraph No. 41, *supra*, was also conducted willfully and maliciously, warranting an award of exemplary damages pursuant to Fla. Stat. § 688.004.

PD.17109494.1

## COUNT III

### BREACH OF FIDUCIARY DUTY

45. Manitowoc realleges and incorporates by reference the allegations set forth in Paragraph Nos. 1 through 44, *supra*.

46. As the Director of Finance II for FSG, Brisch was under a fiduciary duty of loyalty, good faith and fair dealing in his conduct towards and with regard to Manitowoc.

47. Brisch's fiduciary duty towards and with regard to Manitowoc imposed upon Brisch a legal obligation to, among other things, keep privileged information confidential, refrain from taking self-interested opportunities, and refrain from exploiting or using his current position and insider status for personal gain or benefit.

48. Prior to leaving Manitowoc, Brisch formulated his plan to leave Manitowoc to join Fischbein and/or Duravant and take Manitowoc confidential information and/or trade secrets with him, instead of devoting his full time and efforts to Manitowoc, to Manitowoc's detriment and inconvenience. Moreover, prior to leaving Manitowoc and continuing through the present date, Brisch has taken, disclosed to third parties, including but not limited to Reuther, Fischbein, and/or Duravant, and/or used for his own, Duravant's, and/or Fischbein's benefit certain privileged information and documents regarding Manitowoc, to Manitowoc's detriment, loss, and inconvenience.

49. Brisch's conduct as described in Paragraph No. 48, *supra*, was conducted in direct violation of his fiduciary duty, as imposed by law, to keep privileged information confidential, refrain from taking self-interested opportunities, and refrain from exploiting or

using his position at Manitowoc and information and contacts gained in conjunction therewith for his personal gain or benefit.

50. Manitowoc has suffered injury and damages as a result of Brisch's breach of his fiduciary duty of loyalty, good faith and fair dealing to Manitowoc, including but not limited to loss of the value of the compensation the Company paid to Brisch during the period in which he was breaching his duty of loyalty to Manitowoc, and loss of confidential information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Manitowoc Company, Inc., hereby respectfully prays for judgment against Defendant, Christopher Brisch, as follows:

1. Enjoining Brisch from continuing to breach his obligations under Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, and ordering Brisch to specifically perform his contractual obligations thereunder for the remainder of the term specified in Paragraph No. 1, pursuant to Paragraph No. 8 of the Agreement;

2. Enjoining Brisch from continuing to misappropriate Manitowoc's trade secrets, in violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*;

3. Requiring Brisch to return to Manitowoc its confidential information and/or trade secrets taken, disclosed, and/or misappropriated by Brisch;

4. Entering a monetary judgment in favor of Manitowoc and against Brisch for his breaches of Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement, violations of Fla. Stat. § 688.001 *et seq.*, and breach of his fiduciary duty to Manitowoc, in an amount to be proven at trial;

5.     Awarding Manitowoc exemplary damages based on Brisch's willful and malicious misappropriation of Manitowoc's trade secrets, in an amount to be proven at trial, pursuant to Fla. Stat. § 688.004;

6.     Awarding Manitowoc any and all attorneys' fees, costs, and expenses incurred in this litigation, pursuant to Paragraph No. 8 of the Non-Disclosure/Confidentiality Agreement and Fla. Stat. § 688.005; and

7.     Awarding Manitowoc such other and further relief as the Court may consider proper.

Dated this 15th day of May, 2015.

Respectfully Submitted,

/s/ Dennis M. McClelland
Dennis M. McClelland (FL Bar No. 0091758)
dennis.mcclelland@phelps.com
**Phelps Dunbar LLP**
100 South Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (813) 472-7865
Facsimile: (813) 472-7570

-and-

Joel S. Aziere (WI Bar No. 1030823)
(*Pro Hac Vice* Admission Anticipated)
jaziere@buelowvetter.com
Suzanne M. Glisch (WI Bar No. 1079803)
(*Pro Hac Vice* Admission Anticipated)
sglisch@buelowvetter.com
**Buelow Vetter Buikema Olson & Vliet, LLC**
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0300
Facsimile: (262) 364-0320

*Attorneys for The Manitowoc Company, Inc.*

PD.17109494.1

# VERIFICATION

**STATE OF WISCONSIN )**

**COUNTY OF MANITOWOC )**

I, Thomas Musial, being duly sworn on his oath, state that I am the Senior Vice President of Human Resources and Administration of The Manitowoc Company, Inc., that I have read the foregoing Verified Complaint for Monetary and Injunctive Relief, and that the statements contained herein are true and accurate to the best of my knowledge unless otherwise stated.

_____

Subscribed and sworn to before me on this __8__ day of May, 2015.

_Sandra J. Egbert_
NOTARY PUBLIC
My commission expires Sept 25, 2016

15