UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


THE MANITOWOC COMPANY, INC.,

    Plaintiff,

v.                                        CASE NO. 8:15-cv-1174-T-23EAJ

CHRISTOPHER BRISCH,

    Defendant.

_____/


**ORDER**

The Manitowoc Company alleges that Christopher Brisch breached a

"Non-Disclosure/Confidentiality Agreement" and sues (Doc. 1) for "injunctive,

monetary, and other relief."  The Manitowoc Company moves (Doc. 2) for a

temporary restraining order (TRO) to stop Brisch and "all other persons or entities

acting in active participation with" Brisch (1) from "disclosing . . . and/or using for

[Brisch's] personal benefit . . . any confidential information of Manitowoc's,"

(2) from "misappropriating Manitowoc's trade secrets in violation of the Florida

Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*," and (3) from "further

utilizing the confidential information and/or trade secrets he took from Manitowoc

and/or disclosed to a third party."  (Doc. 2 at 1)

Granting injunctive relief requires (1) a substantial likelihood of success on the

merits, (2) an irreparable injury in the absence of an injunction, (3) a threatened

injury that exceeds any injury the injunction might cause the defendant, and (4) the

absence of a material adverse consequence to the public. *Four Seasons Hotels & Resorts*

*v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Further, under

Rule 65(b)(1)(A), Federal Rules of Civil Procedure, "[t]he court may issue a [TRO

if] . . . specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party can be heard in opposition."

Granting a TRO in a similar circumstance, *The Manitowoc Company v. Reuther*,

No. 8:15-cv-559, Doc. 6 at 1–2 (M.D. Fl. Mar. 13, 2015) (Covington, J.), concludes:

> 1. The Court finds a reasonable likelihood that Plaintiff will succeed on the merits of its claims against Defendant.
>
> 2. The Court finds that Plaintiff has shown a meaningful risk of irreparable harm in the absence of a Temporary Restraining Order.
>
> 3. The Court finds that Plaintiff has suffered harm and will continue to do so as a result of Defendant's alleged actions.
>
> 4. The public interest will be served by the issuance of a Temporary Restraining Order.

## DISCUSSION

The complaint alleges that Brisch "took affirmative steps during his

employment and following his separation from employment with Manitowoc to

violate Paragraph No. 1 of the Non-Disclosure/Confidentiality Agreement,

misappropriate Manitowoc's trade secrets, and breach his fiduciary duty to

Manitowoc."[*] (Doc. 1 and 6)  The Manitowoc Company attaches (Doc. 1-1) as an

exhibit to the complaint the agreement, which imposes on Brisch "a duty to protect

[The Manitowoc Company's] confidential information."  Accordingly, The

Manitowoc Company demonstrates "a substantial likelihood of success on the

merits." *Four Seasons Hotels*, 320 F.3d at 1210.

Paragraph 8 of the agreement states, "Employee acknowledges that an

irreparable injury will result to the Company and its business in the event of a breach

of any of the covenants or obligations of Employee contained in this Agreement."

(Doc. 1-1 at 4)  The complaint alleges that the misappropriated trade secrets "derive

independent economic value, actual or potential, from not being generally known to,

and not being readily ascertainable by proper means by, other persons who can

obtain economic value from their disclosure or use." (Doc. 1 at 8; Doc. 2 at 7)

Further, the complaint alleges that "Brisch's disclosure and/or use of Manitowoc's

confidential information, in violation of [the agreement], is ongoing." (Doc. 1 at 7)

Accordingly, under Rule 65(b)(1)(A), The Manitowoc Company demonstrates "that

immediate and irreparable injury . . . will result to [The Manitowoc Company] before

[Brisch] can be heard in opposition." *See Four Seasons Hotels*, 320 F.3d at 1210

---

[*] The complaint alleges that Brisch disclosed documents that "include, but are not limited to, the following: (1) Manitowoc Global Accounting Manual; (2) Manitowoc Foodservice Consolidated Authorization Policy; (3) Manitowoc RACI Decision Matrix; (4) Manitowoc Foodservice Decision Rights Modification Guide; (5) Manitowoc Americas Decision Rights Guide; and (6) Manitowoc University/KOF Training Decision Rights Detail." (Doc. 1 at 7; Doc. 2 at 16)

(explaining that granting injunctive relief requires "an irreparable injury in the absence of an injunction").

The Manitowoc Company correctly argues that "[g]ranting a temporary restraining order and preliminary injunction would serve only to preserve the *status quo* by preventing Defendant from any further disclosure and/or use of Manitowoc's confidential information, and any further misappropriation of Manitowoc's trade secrets." (Doc. 2 at 17) Therefore, the threatened injury to The Manitowoc Company (i.e., the misappropriation of trade secrets) exceeds any prospective injury to Brisch. The Manitowoc Company demonstrates "a threatened injury that exceeds any injury the injunction may cause the defendant." *Four Seasons Hotels*, 320 F.3d at 1210.

Under Section 542.335(1), Florida Statutes, if an "enforceable restrictive covenant exists" and the plaintiff seeks to protect a "legitimate business interest," public policy favors a temporary restraining order. The Manitowoc Company plausibly establishes both an "enforceable restrictive covenant" and a "legitimate business interest" and demonstrates "the absence of a material adverse consequence to the public." *See Medi-Weightloss Franchising USA, LLC v. Sadek*, 2010 WL 1837767, at *7 (M.D. Fla. Mar. 11, 2010) (Pizzo, Mag. J.) ("Medi has demonstrated that upholding the valid restrictive covenants would in fact serve rather than be adverse to the public interest and would not violate any public policy. Accordingly, the public

interest considerations support Medi's request for entry of a preliminary injunction.").

## CONCLUSION

Under Rule 65(b)(1)(A), The Manitowoc Company "clearly show[s] that immediate and irreparable injury . . . will result to [The Manitowoc Company] before [Brisch] can be heard in opposition." The motion (Doc. 2) for a TRO is **GRANTED** without notice to Brisch. Under Rule 65(d)(2), after receiving actual notice of this order, Brisch and "other persons who are in active concert or participation with" Brisch are **ENJOINED** from violating the "Non-Disclosure/Confidentiality Agreement" (1) by "using or disclosing any confidential or other proprietary information of [The Manitowoc Company] (as defined in the Non-Disclosure/Confidentiality Agreement)" or (2) by "misappropriating any trade secrets of [The Manitowoc Company]." (Doc. 2-1 at 2) No later than **MAY 19, 2015, at 2:00 P.M.**, The Manitowoc Company must post with the Clerk of the District Court a good and sufficient bond of $5,000. As soon as The Manitowoc Company posts the bond, the TRO is effective. The TRO expires fourteen days after the TRO becomes effective. A separate order will schedule a prompt hearing on the motion (Doc. 2) for a preliminary injunction.

ORDERED in Tampa, Florida, on May 18, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE